## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Troy K. Scheffler,                                            Civil No. 16-75 (DWF/TNL)

          Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                          **OPINION AND ORDER**

Mona Dohman,[1] in her official Capacity
as the Commissioner of Public Safety,
State of Minnesota; and State of Minnesota,

          Defendants.

---

Peter J. Nickitas, Esq., Peter J. Nickitas Law Office, LLC, counsel for Plaintiff.

Jeffrey S. Bilcik, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by the State of Minnesota and Mona Dohman, the Commissioner of Public Safety (together, "Defendants"). (Doc. No. 13.) For the reasons set forth below, the Court grants the motion.

---

[1]     Plaintiff named "Mona" Dohman, Commissioner of the Department of Public Safety, but Defendants refer to the Commissioner as Ramona Dohman.

## BACKGROUND[2]

Plaintiff was arrested for three alcohol-related offenses in the 1990s.  (Doc. No. 8, Am. Compl. ¶ 10.)  Each of the offenses resulted in the revocation of Plaintiff's driving privileges under Minnesota's Implied Consent Law.  Minn. Stat. §§ 169A.50-169A.53.  Plaintiff's driving privileges were eventually cancelled as inimical to public safety.  (*Id.* ¶ 12.)  As a condition to regaining driving privileges, Plaintiff was required to participate in a one-year abstinence-based alcohol rehabilitation program.  Plaintiff completed the program and was issued a driver's license on December 8, 1998, with the restriction that he abstain from the use of alcohol.[3]  Plaintiff's driving privileges were cancelled again on September 27, 1999.  As a condition to regaining driving privileges, Plaintiff was required to complete a three-year abstinence-based rehabilitation program.  Plaintiff completed the program and on December 11, 2002, was issued a driver's license, again on the condition that he abstain from the use of alcohol.  On December 13, 2010, Plaintiff was arrested for DWI.  Plaintiff's driving privileges were cancelled again.  Plaintiff was

---

[2]   The facts of this case were previously set forth in the Court's Memorandum Opinion and Order in *Scheffler v. Dohman*, Civ. No. 13-106 (DWF/SER), 2013 WL 6179381 (D. Minn. Nov. 26, 2013), *aff'd* 785 F.3d 1260 (8th Cir. May 12, 2015), *cert. denied*, 136 S. Ct. 489 (Nov. 9, 2015).  The facts were also set forth in two Minnesota Court of Appeals decisions, *Scheffler v. Commissioner of Public Safety*, Civ. No. A15-2082, 2016 WL 22355 (Minn. App. Jan. 4, 2016), and *Scheffler v. Commissioner of Public Safety*, Civ. No. A15-0346, 2015 WL 9437562 (Minn. App. Dec. 28, 2015).  In each of these two cases, Plaintiff filed a petition for writ of certiorari, which the U.S. Supreme Court dismissed.  *Scheffler v. Minn. Comm'r of Pub. Safety*, Case No. 15-9466, 137 S. Ct. 83 (2016); *Scheffler v. Minn. Comm'r of Pub. Safety*, Case No. 15-9467, 137 S. Ct. 83 (2016).

[3]   The restricted license is known as a "B-Card."

required to complete a six-year abstinence-based rehabilitation program or elect to participate in the Ignition Interlock Program in order to be issued a restricted driver's license.[4]  Defendants also reported the revocation and cancellation of Plaintiff's driver's license to the American Association of Motor Vehicle Administrators ("AAMVA") pursuant to Minn. Stat. § 171.50, the Interstate Driver's License Compact Law ("Compact").  AAMVA is a central repository for driver's license data.

Plaintiff unsuccessfully challenged the cancellation of his driver's license in both state and federal court.   On January 11, 2013, Plaintiff filed an action before this Court. (*See Scheffler v. Dohman*, Civ. No. 13-106 (DWF/SER), Doc. No. 1.)  Plaintiff asserted two claims, both alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (the "ADA").  Plaintiff claimed that the Minnesota statute and rule pursuant to which Plaintiff lost his driving privileges violate the ADA and sought injunctive relief restoring his driving privileges without restriction.  In an order dated November 26, 2013, the Court held that Plaintiff's allegations failed to establish that he is a qualified individual under the ADA and dismissed Plaintiff's claims with prejudice. That decision was affirmed by the Eighth Circuit Court of Appeals.  *Scheffler v. Dohman*, 785 F.3d 1260 (8th Cir. 2015).  Certiorari was denied by the U.S. Supreme Court. *Scheffler v. Dohman*, 136 S. Ct. 489 (2015).

---

[4]  An Ignition Interlock device measures breath alcohol concentration and prevents a person whose breath alcohol concentration measures above a certain level from starting a motor vehicle.

In *Scheffler v. Commissioner of Public Safety*, Civ. No. A15-0346, 2015 WL 9437562 (Minn. Ct. App. Dec. 28, 2015), *rev. denied* (Minn. Mar. 29, 2016), Plaintiff asserted that the cancellation of his driver's license violated the ADA. In affirming the district court's conclusion that the cancellation did not violate the ADA, the Minnesota Court of Appeals stated:

> Appellant asserts that the cancellation of his license under Minn. Stat. § 171.09 violates the [ADA]. While the district court did not explicitly refer to the doctrine of res judicata in dismissing appellant's claim under the ADA, it is clear that it applied those principles. . . .
>
> Here, appellant's state court claim under the ADA involved the same issues and parties as his federal claim, the federal court rendered a final judgment on the merits, and appellant had the opportunity to fully litigate his claim in federal court. Appellant's federal claim was dismissed by the federal district court, and that dismissal was affirmed by the Court of Appeals for the Eighth Circuit on appeal. . . . Thus, the district court properly dismissed appellant's identical state court claim.

*Id.* at *7.

Plaintiffs again sued Defendants in state district court, arguing that Defendants violated the ADA when they reported Plaintiff's license revocation to the AAMVA, that Defendants' reporting to the AAMVA and license revocation and cancellation were improper, and that Plaintiff's right to interstate travel had been violated. *Scheffler v. Comm'r of Pub. Safety*, Civ. No. A15-0282, 2016 WL 22355, at *1-4 (Minn. Ct. App. Jan. 4, 2016). The Minnesota Court of Appeals rejected Plaintiff's arguments and explained, in part:

> We construe appellant's argument in his informal brief to be that the district court erred by concluding "that the participating states have discretion per the compact to issue a license whilst another state is reporting a hold," citing to Article V of the compact. More specifically, appellant argues that

4

> the language of the statute is mandatory and does not allow other states to give potential applicants a license once Minnesota reports an applicant's license cancellation and revocation. Appellant misconstrues the statute. Minn. Stat. § 171.50, Article V states in relevant part that "[t]he licensing authority in the state where application is made shall not issue a license to drive to the applicant if . . . [t]he applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation."
>
> Article V of the compact requires the licensing authority in every state that is a member to ascertain whether a license applicant's license has been revoked. *Id*. Minn. Stat. § 171.50 art. V. Here, the district court determined that, based on respondent's affidavits, respondent "did not report that [appellant] had a B-card to the [AAMVA]. Rather, the [respondent] reported that [appellant's] license was revoked and cancelled for six-years" per the statute. The district court also determined that, "[respondent] does not tell other jurisdictions whether to issue a license, it simply shares information regarding [appellant's] driving privileges in the State of Minnesota." Based on this, the court determined that foreign jurisdictions apply the compact and independently determine whether appellant will be issued a license in their jurisdiction. We find no error in the district court's analysis.

*Id*. at *2.[5]

In this case, Plaintiff asserts that: (1) the cancellation of Plaintiff's license violated the ADA; (2) the B-Card restrictions, as applied to Plaintiff through Minn. Stat. § 171.09, subd. 1 and Minn. Rule 7503.1700, violate his constitutional rights to free exercise through 42 U.S.C. §1983; (3) the application of Minn. Stat. § 171.09, subd. 1 and Minn. Rule 7503.1700 to Plaintiff enhances crimes based upon the existence of a disability in violation of the Equal Protection Clause of the U.S. Constitution; (4) the application of Minn. Stat. § 171.09, subd. 1 and Minn. Rule 7503.1700 violates Plaintiff's

---

[5] The Minnesota Court of Appeals also held that the district court did not err by determining that Plaintiff's constitutional right to travel was not violated and that his ADA claim was precluded under collateral estoppel. *Id*. at *3-4.

5

constitutional right to interstate travel through 42 U.S.C. § 1983; (5) on their face, Minn. Stat. § 171.09, subd. 1 and Minn. Rule 7503.1700 violate Plaintiff's constitutional right to interstate travel through 42 U.S.C. § 1983; (6) the application of Minn. Stat. § 171.09, subd. 1 and Minn. Rule 7503.1700 violates Minn. Stat. §171.50; (7) the B-Card scheme violates Minn. Stat. § 148.84 and the ADA; (8) Plaintiff's automobile was unlawfully seized under state law and the ADA; and (9) the application of Minn. Stat. § 171.09, subd. 1 and Minn. Rule 75-3.1700 violated the ADA.  (*See generally* Am. Compl.) Defendants now move to dismiss Plaintiff's claims in their entirety.

## DISCUSSION

### I.      Legal Standard

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction.  To survive a motion under Rule 12(b)(1), the party asserting jurisdiction has the burden of proving jurisdiction.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case."  *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir.

6

1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

However, when considering a motion challenging subject-matter jurisdiction, including motions raising *Rooker–Feldman* issues, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *P.G. v. Ramsey Cty.*, 141 F. Supp. 2d 1220, 1230 (D. Minn. 2001) (citing *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not

preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (citation omitted).

## II.     Motion to Dismiss

Defendants' primary argument is that, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Plaintiff's challenges to state-court judgments. Because this issue is dispositive of the motion, it is the only issue the Court addresses.

With the exception of habeas corpus petitions, the *Rooker-Feldman* doctrine provides that lower federal courts do not have jurisdiction over challenges to state-court judgments. *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine is named after two U.S. Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker* holds that federal district courts have no appellate jurisdiction over state courts, and *Feldman* holds that federal district courts may not exercise jurisdiction over issues that are "inextricably intertwined" with a prior state-court judgment. *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999). A federal claim is inextricably intertwined when relief would effectively reverse or void the state-court ruling. *Id.* (citations omitted).[6] Moreover, the Eighth

---

[6]     The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal when federal relief is predicated on a determination that the state-court decision was wrong. *Lemonds*, 222 F.3d at 493. The doctrine precludes
(Footnote Continued on Next Page)

Circuit has explained that state court losers should not seek victory against their adversaries by filing a federal civil rights action in federal court. *Dodson v. Univ. of Ark. For Med. Scis.*, 601 F.3d 750, 754 (8th Cir. 2010).

In this action, all of Plaintiff's claims relate to the revocation and cancellation of his driver's license, including the restrictions imposed on his driving privileges. Specifically, Plaintiff challenges the actions of Defendants stemming from the application of a driver's license restriction based on Plaintiff's involvement in prior alcohol-related incidents. Plaintiff maintains that the restrictions violate the ADA and that the State of Minnesota is misusing the Compact. Plaintiff also maintains that, as applied to him, the driving restriction punishes him not for his conduct, but because Defendants regard him as chemically dependent. Plaintiff also challenges the cancellation of his driver's license and obstruction of his efforts to obtain a license in other states.

However, Minnesota courts have upheld the restriction as to Plaintiff and rejected Plaintiff's claims regarding interstate travel, the ADA, and the AAMVA. *Scheffler v. Comm'r of Pub. Safety*, 2015 WL 9437562, at \*7; *Scheffler v. Comm'r of Pub. Safety*, 2016 WL 22355, at \*2-4. Plaintiff can only succeed on his present claims, through which he seeks the removal of conditions imposed on him and restoration of his driver's license,

---

(Footnote Continued From Previous Page)

both straightforward appeals and indirect attempts to undermine state-court decisions. *Id.* at 492.

by reversing the decisions of the Minnesota Court of Appeals. As explained above, the *Rooker–Feldman* doctrine bars the Court from reviewing Plaintiff's claims because the relief sought would effectively reverse or void state-court rulings.[7]

For the above reasons, the Court concludes that under the *Rooker-Feldman* doctrine the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims. Therefore, Plaintiff's claims are properly dismissed in their entirety, and Defendants' motion is granted.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [13]) is **GRANTED**; and

2. Plaintiff's Amended Complaint (Doc. No. [8]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 8, 2016          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

[7] Despite Plaintiff's attempt to characterize his present case as one seeking to vindicate federal constitutional rights, the relief he seeks would require a reversal of the state-court rulings. This is not permitted under the *Rooker-Feldman* doctrine. *See Lemonds*, 222 F.3d at 492.